# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                            No. 19-cv-0200 JCH/SMV
                                                               No. 13-cr-0966 JCH/SMV

MATTHEW CHANNON,

    Defendant/Movant.

## ORDER STRIKING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

THIS MATTER is before the Court sua sponte under Rule 12 of the Rules Governing Section 2255 Proceedings and Fed. R. Civ. P. 8. The Court strikes Defendant Matthew Channon's Motion Under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and the supporting memoranda and exhibits filed with it [Docs. 1, 2, 3, 4][1] as violative of Fed. R. Civ. P. 8 and the Court's March 11, 2019 Order [CR Doc. 525]. The Court will order Defendant Channon to file an amended § 2255 motion no later than April 15, 2019.

Defendant Matthew Channon submitted motions for leave to file a § 2255 motion that exceeded the page limits of D.N.M.LR-Civ. 7.5. [CR Docs. 506, 517]. The Court granted Defendant Channon's Motion but limited him to filing a § 2255 motion that did not exceed 40 pages. [CR Doc. 525]. On March 11, 2019, Defendant Channon filed his § 2255 Motion. [Doc. 1]. The Court's standard form § 2255 Motion comprises only 11 pages. Where the form

---

[1] Unless otherwise noted, citations to document numbers refer to the civil case, no. 19-cv-0200 JCH/SMV.

directs the defendant to state the facts supporting each ground, Defendant Channon states "[s]ee Insert One for all grounds and supporting facts." [Doc. 1] at 4, ¶ 12. In support of his § 2255 Motion, Defendant Channon filed an additional 1,655 pages, comprising a separate memorandum of grounds and supporting facts of 123 pages, a memorandum of law of 147 pages, and a memorandum with supporting exhibits of 1,385 pages. [Docs. 2, 3, 4].

Rule 12 of the Rules Governing Section 2255 Proceedings states "[t]he Federal Rules of Civil Procedure[,] to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules." Rule 12(e) of the Federal Rules of Civil Procedure permits the Court to order a more definite statement where a pleading is so vague, voluminous, or ambiguous that an opposing party cannot reasonably prepare a response. Rule 8 requires that a complaint set out a short, plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). Rule 12(f) grants the Court the authority to strike any pleading that does not meet the requirements of the Rules of Civil Procedure. Fed. R. Civ. P. 12(f).

Defendant Channon's filings do not constitute a plain, concise, and direct statement of Channon's claims as required by Rule 8. The voluminous filings render it unworkable, if not impossible, for the Court to fulfill its preliminary screening obligation under Rule 4 of the Rules Governing Section 2255 Proceedings and for the United States to formulate a response if ordered by the Court to do so.

The Court will strike Plaintiff's § 2255 Motion, memoranda, and exhibits [Docs. 1, 2, 3, 4] and will order Plaintiff to file an amended § 2255 motion. The § 2255 motion may not exceed 40 pages inclusive of all supporting grounds, facts, and exhibits. *See* [CR Doc. 525]. The motion

must be double-spaced and feature 12-point or larger font. *See id.* The left, right, and bottom margins must be at least 1 inch, the top margin must be at least 1½ inches. *See* D.N.M.LR-Civ. 10.1. The § 2255 motion must substantially conform to the Court's standard § 2255 form. Defendant Channon may not file separate memoranda or exhibits that would result in exceeding the 40-page limit the Court has established. The Court advises Defendant Channon that a § 2255 motion is generally based on the existing record in the criminal case, and thus, it is unnecessary for Channon to submit portions of the existing record as exhibits at this preliminary stage. Once the Court has completed its preliminary review under Rule 4, the Court may order additional briefing and expansion of the record at that time. *See* Rule 5(c) and Rule 7 of the Rules Governing Section 2255 Proceedings.

**IT IS THEREFORE ORDERED**:

(1) Defendant Matthew Channon's Motion Under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and the supporting memoranda and exhibits [Docs. 1, 2, 3, 4] are **STRUCK**; and

(2) Defendant Matthew Channon is granted leave to file an amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **no later than April 15, 2019**, provided that such motion not exceed 40 pages (inclusive of all supporting grounds, facts, and exhibits); be double-spaced; feature 12-point or larger font; and feature left, right, and bottom margins of at least 1 inch and top margins of at least 1½ inches.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**